# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH A THURMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-00946-CV-RK |
| | ) |
| NANCY A. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED in part** and **REMANDED in part**.

### Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence

presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: obesity; degenerative joint disease in his bilateral knees and left hip; degenerative disc disease in his lumbar spine; obstructive sleep apnea; hammertoe; congestive heart failure; and hypertension. The ALJ also determined that Plaintiff has the following non-severe impairments: hepatitis C; renal cysts; depression; and anxiety. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work[1] with the following limitations: Plaintiff can occasionally climb ramps and stairs, but never ladder, ropes, or scaffolds; Plaintiff can occasionally stoop, kneel, crouch, and crawl; and Plaintiff must avoid concentrated exposure to hazards, such as unprotected heights and working around dangerous moving machinery. Although the ALJ found that Plaintiff was unable to perform any past relevant work, the ALJ determined that Plaintiff was not disabled, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Plaintiff presents the following argument on appeal: whether the ALJ's RFC determination is supported by substantial evidence. Plaintiff presents three sub-arguments concerning the ALJ's RFC determination.

First, Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because the ALJ erred in discounting the weight given to consultative examiner Dr. Jayendra Astik's opinion.[2] The ALJ discounted Dr. Astik's opinion because the opinion contained

---

[1] *See* 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.").

[2] Dr. Astik opined that Plaintiff was potentially able to sit for one to two hours and stand for up to thirty minutes; potentially unable to bend, stoop, crawl, lift, or carry heavy objects; potentially have difficulty going up and down stairs and ladders; and potentially have difficulty learning new skills.

only equivocal statements that Plaintiff "may have difficulty" with particular actions. The ALJ also discounted Dr. Astik's opinion as it related Plaintiff's ability to learn new skills because Dr. Astik is not a specialist in mental or behavioral health. Finally, the ALJ discounted Dr. Astik's opinion because Plaintiff's mental examinations were largely normal. Substantial evidence exists in the record to support the ALJ's decision to discount the weight given to Dr. Astik's opinion. *See Brown v. Astrue*, 611 F.3d 941, 953 (8th Cir. 2010) ("[w]e generally give greater weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist") (quoting 20 C.F.R. § 416.927(d)(5)); *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) (an ALJ may reject a medical opinion when that opinion is inconsistent with the record as a whole).

Plaintiff further argues that even if Dr. Astik's opinion was properly discounted, the RFC determination concerning Plaintiff's physical functional capabilities lacks medical evidence because Dr. Astik provided the only medical opinion as to Plaintiff's physical impairments. However, substantial evidence supports the ALJ's RFC determination because there is sufficient medical evidence in the record to allow the ALJ to determine Plaintiff's physical functional capabilities, even without a specific medical opinion.[3] *See Stallings v. Colvin*, 2015 WL 1781407, at *3 (W.D. Mo. April 20, 2015) ("an ALJ can appropriately determine a claimant's RFC without a specific medical opinion so long as there is sufficient medical evidence in the record").[4]

---

[3] For instance, there is no diagnosis of arthritis or other degenerative ailment in Plaintiff's ankles, and Plaintiff has not complained of ankle pain to providers. Plaintiff has not complained of pain or other arthritis symptoms in his hands nor is there any objective evidence of such arthritis. While Plaintiff complains of shortness of breath, Plaintiff has not been diagnosed with any pulmonary issue, and diagnostic imaging has not shown any sign of pulmonary disease. Diagnostic imaging in July 2015 revealed mild to moderate degenerative joint disease in Plaintiff's right patella. Physical examinations reported that Plaintiff has normal strength in his bilateral lower extremities as well as normal gait. Diagnostic imaging also revealed mild degenerative joint disease in Plaintiff's left hip and mild degenerative joint disease in Plaintiff's lumbar spine. Plaintiff has exhibited normal gait and is able to walk on his heels and toes without difficulty, despite Plaintiff's "hammertoe" formation in his bilateral second and third toes.

[4] *See also Mayfield v. Astrue,* 2012 WL 5904331, at *19 (W.D. Mo. Nov. 26, 2012) ("[i]n assessing plaintiff's residual functional capacity, the ALJ was not required to rely entirely on any particular physician's opinion, and the ALJ's decision is not defective simply because there was no opinion evidence from a treating or examining physician regarding plaintiff's residual functional capacity"); *Tellez v. Barnhart,* 403 F.3d 953, 956-57 (8th Cir.2005) ("Tellez contends that the ALJ did not 'fully and fairly develop the record' concerning her limitations and that if the 'ALJ did not believe that the professional opinions available ... were sufficient to allow him to form an opinion, he should have further developed the record.' However, there is no indication that the ALJ felt unable to make the assessment he did and his conclusion is supported by substantial evidence").

Next, Plaintiff argues the ALJ's RFC determination as to Plaintiff's mental functional capabilities is not supported by substantial evidence. Specifically, Plaintiff argues it was error for the ALJ to award State agency psychological consultant Dr. Hutson's opinion great weight because Dr. Hutson did not treat or examine Plaintiff. Plaintiff also argues that Dr. Hutson's opinion should not be given great weight because Dr. Hutson only had forty pages of the medical record at the time he formed his opinion. Dr. Hutson's formed his opinion on December 31, 2014, almost two years prior to the ALJ's decision. After Dr. Hutson formed his opinion and before the ALJ issued his decision, licensed psychologist Dr. Gray provided a more restrictive opinion than Dr. Hutson as to Plaintiff's mental impairments.[5] Dr. Hutson was unable to consider Dr. Gray's opinion in forming his opinion. The ALJ discounted Dr. Gray's opinion and awarded Dr. Huston's opinion great weight in formulating the RFC.

The Court disagrees with Plaintiff's argument that Dr. Hutson's opinion should be discounted because he did not examine or treat Plaintiff. *See Brown v. Colvin*, 2014 U.S. Dist. LEXIS 59088, at *10-11 (W.D. Mo. Apr. 29, 2014) ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.") (citing SSR 96-6p; 1996 SSR LEXIS 3 at *6-7). However, there is not substantial evidence in the record to support the ALJ's RFC determination as to Plaintiff's mental impairments because Dr. Hutson formed his opinion with consideration of only a small portion of the record and later mental evaluations indicated that Plaintiff has more restricted mental functional abilities. *See Arn v. Astrue*, 2011 WL 3876418, at *6 (W.D. Mo. Sept. 1, 2011) ("[t]he ALJ must not rely on a non-examining physician's RFC when his assessment was completed a year before the hearing and is not based on a full record of the case . . . [the report] was prepared around 12/30/08, but the hearing was not held until 3/10/10, and other medical evidence was received after 12/30/08, including reports by treating physicians indicating possible worsening of Arn's condition").[6]

---

[5] On April 10, 2016, Dr. Gray diagnosed Plaintiff with major depressive disorder, which is recurrent and moderate, and generalized anxiety disorder. Dr. Gray also opined that Plaintiff's general functioning is moderately impaired and assigned a GAF score of 45.

[6] *See also Frankl v. Shalala*, 47 F.3d 935, 939 (8th Cir. 1995) ("[w]e also conclude that the ALJ improperly relied on the August and September 1990 medical progress notes to discredit Frankl's complaints of fatigue to the exclusion of subsequent medical, nonmedical, and testimonial evidence that was consistent with Frankl's complaints of fatigue at the time of the hearing"); *Morse v. Shalala*, 32 F.2d 1228, 1230-31 (8th Cir. 1994) (the court held the ALJ erred in finding that a plaintiff was not

4

Finally, Plaintiff argues the ALJ failed to properly assess the RFC on a function by function basis before assessing the exertional level as to Plaintiff's walking and standing abilities. The ALJ's RFC determination utilized the Social Security regulations' definition of sedentary work to address Plaintiff's walking and standing abilities. Although the RFC determination does not provide any additional walking or standing limitations, this does not mean that the ALJ did not consider all functional limitations. *See Brown*, 2010 WL 889835, at *25 ("an ALJ who specifically addresses the areas in which he found a limitation and is silent as to those areas in which no limitation is found is believed to have implicitly found no limitation in the latter"); *Depover v. Barnhart*, 349 F.3d 563, 567-68 (8th Cir. 2003) (because the ALJ made explicit findings only as to functions where the ALJ believed a limitation existed suggested that the ALJ implicitly found no limitations as to other functions). Accordingly, substantial evidence supports the ALJ's RFC determination as to Plaintiff's walking and standing capabilities.

On remand, the ALJ should provide Dr. Hutson with the entire medical record. Dr. Hutson shall review this record before providing his opinion. If after considering the entire record and Dr. Huston's opinion the ALJ makes the same RFC determination on remand, then the Court would find substantial evidence supports the ALJ's decision.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court **AFFIRMS in part** the Commissioner's decision and **REMANDS in part** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 8, 2019

---

disabled based on reliance on an old medical report, and the ALJ gave no weight to subsequent evidence that supported a finding of disabled).